```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                        Criminal No. 11-cr-129-01-SM

Lionel Cole

## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on April 17, 2012, for the purpose of determining whether to detain the defendant. For the following reasons, and for the reasons more fully stated on the record, the defendant shall be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]." United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invoked § 3142(f)(1)(C) (permits detention request when charges involve drug offense with maximum sentence of ten (10) or more years), and § 3142(f)(2)(A) (permits detention request if serious risk defendant will flee).

The defendant is charged by indictment with one (1) count of Possession of Oxycodone with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and one (1) count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c).  Thus, as the charges satisfy the parameters of § 3142(f)(1)(C), and because the government is alleging a serious risk of flight within the meaning of § 3142(f)(2)(A), the detention hearing was appropriately requested.

Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community  ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will

reasonably assure (1) the defendant's presence at trial ("risk of flight"), <u>United States v. Perez-Franco</u>, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness").  <u>Patriarca</u>, 948 F.2d at 793.  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness.  See <u>Patriarca</u>, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A).  Once invoked, the defendant need only produce "some evidence" to rebut this presumption.  <u>United States v. Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991); <u>United States v. Jessup</u>, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." <u>Dillon</u>, 938 at 1416.

In the instant case, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten (10) years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).[1]  Thus, the rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . . ," as set forth in Section 3142(e), is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

Based on the bail report, the defendant's criminal record, and the government's proffer presented at the hearing, and for the reasons more fully stated on the record, the court finds the government satisfied its burden to establish that there are no conditions or combination of conditions that are likely to assure the defendant's appearance at trial.  While the court relies on the hearing record and its reasoning stated at the conclusion of

---

[1] The government also established that the rebuttable presumption applies based upon § 3142(e)(3)(B), which makes the presumption applicable to offenses under 18 U.S.C. § 924(c) (count two (2) here).

the hearing to support detention, it will briefly elaborate on its reasoning.

In short, the bail report and proffer presented at the hearing established that the defendant has been homeless and unemployed for an extended period of time. Since 2009 he has been previously charged three (3) times for resisting arrest (although one (1) charge was nol prossed), which included a low-speed vehicle chase that resulted in a physical altercation with police. In this case, the direct testimony presented by Deputy U.S. Marshal Murano, supplemented by his arrest report, established that the defendant attempted to flee after undercover federal and state officers announced "police" and directed him to "put his hands up" when he was exiting a vehicle. Officers were forced to engage in a neighborhood foot chase in which officers ultimately had to catch and tackle the defendant. The defendant was so desperate to avoid capture that he left his four (4) year old daughter in the vehicle as he fled the police. Given that a uniformed officer, who arrived in a marked police cruiser and ultimately joined in the chase--and given the defendant's prior history of resisting arrest--implications that the defendant was unaware that the persons pursuing him were law enforcement officials are simply not credible. When you combine this

evidence with the "nature of the offense" (firearms/controlled substance), the potential duration of incarceration (possible minimum mandatory sentence), and the fact that this is a presumption case, the court finds that the government has met its burden to establish by a preponderance of the evidence that there are no conditions or combination of conditions the court can establish to reasonably assure the defendant's appearance at trial.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                              /s/ Daniel J. Lynch
                                              Daniel J. Lynch
                                              United States Magistrate Judge

Date:   April 18, 2012

cc:     William E. Morse, AUSA
        Paul J. Garrity, Esq.
        U.S. Marshal
        U.S. Probation