UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**OCT ᴇ 1 2012**

**FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. Case No. 1:11-cr-00129-SM |
| | ) | |
| LIONEL COLE | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, John P. Kacavas, the United States Attorney for the District of

New Hampshire, and the defendant, Lionel Cole, and the defendant's attorney, Paul Garrity,

Esquire, enter into the following Plea Agreement:

    1. <u>The Plea and The Offense</u>.

The defendant agrees to plead guilty to Count I of the Indictment charging him with

possession of oxycodone with intent to distribute in violation of 21 U.S.C. § 841(a) and to the

sentencing stipulations identified in section 6 of this agreement.

    In exchange for the defendant's guilty plea, the United States agrees, upon sentencing, to

dismiss Count II of the Indictment charging the defendant with possessing a firearm in

furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and to the sentencing

stipulations identified in section 6 of this agreement.

    2. <u>The Statute and Elements of the Offense</u>.

    Title 21, United States Code, Section 841(a) provides, in pertinent part:

> [I]t shall be unlawful for any person knowingly or intentionally ...
> to ... possess with intent to ... distribute or dispense, a controlled
> substance.

21 U.S.C. § 841(a) (West 2012).

The defendant understands that the offense described in 21 U.S.C. § 841(a) has the

following elements, each of which the United States would be required to prove beyond a

reasonable doubt at trial:

> First, that the defendant, on the date alleged, possessed the controlled substance
> oxycodone, either actually or constructively;

> Second, that the defendant possessed the controlled substance with the specific intention
> of distributing it; and

> Third, that the defendant possessed the controlled substance knowingly and intentionally.

See First Circuit Pattern Jury Instructions, Criminal Cases, Parts 4.22 (1998 ed.)(adapted).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government

would prove the following facts and that those facts would establish the elements of the offense

beyond a reasonable doubt:

On July 13, 2011, the defendant's roommate, Alvaro Garcia, was the subject of a

Manchester (N.H.) Police Department undercover investigation into the illegal distribution of

oxycodone and other controlled substances in the city.  On that day, in connection with that

investigation, representatives of the Manchester Police Department executed a search warrant on

a two bedroom Queen City apartment at 263 Manchester Street, which according to a

confidential informant, Garcia shared with the defendant.  Law enforcement surveillance

confirmed that the defendant had a substantial connection to the apartment.

-2-

During the execution of the warrant, both bedrooms were searched.  The search of one of the two bedrooms yielded the following items:

- a 9 mm Glock hand gun with a magazine loaded with 13 rounds of ammunition;

- three small plastic bags containing a total of 284 blue pills later determined through laboratory tests and procedures, to be 30 mg oxycodone pills; and

- $2740 in cash; and

- a copy of the defendant's Social Security identification card.

Two boxes of ammunition – 9 mm and .45 caliber – were found in a common area of the apartment and distribution quantities of marijuana and drug distribution paraphernalia were found in the second bedroom, which was indisputably occupied by Garcia.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.      A maximum prison term of 20 years;

B.      A maximum fine of $1,000,000; and

C.      A term of supervised release of at least three years with a maximum of life.  The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release.

The defendant also understands that he will be required to pay a special assessment of $100 ($100 for each count of conviction) at or before the time of sentencing; and that the Court may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

-3-

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case

and that the Court may consider the sentencing range established by the United States

Sentencing Guidelines in determining whether to accept this plea agreement. The defendant

further understands that he has no right to withdraw his guilty plea if the applicable sentencing

range established by the Sentencing Guidelines is other than he anticipated.

The defendant also understands that the United States and the United States Probation

Office shall:

A.  Advise the Court of any additional, relevant facts that are presently known
    or may subsequently come to their attention;

B.  Respond to questions from the Court;

C.  Correct any inaccuracies in the pre-sentence report;

D.  Respond to any statements made by him or his counsel to a probation
    officer or to the Court.

The defendant understands that the United States and the Probation Office may address

the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentencing range under

the Sentencing Guidelines is only a prediction and not a promise as to the actual sentencing

range under the Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the parties agree:

1)  The United States will move to dismiss Count II of the Indictment; and

-4-

2)     A sentence of 46 months imprisonment is the appropriate disposition of Count I of the Indictment.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(A) and/or (C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

The parties are free to make recommendations with respect to fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.     Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.     Challenges the United States' offer of proof at any time after the plea is entered;

C.     Denies involvement in the offense;

D.     Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

-5-

E.     Fails to give complete and accurate information about his financial status
       to the Probation Office;

F.     Obstructs or attempts to obstruct justice, prior to sentencing;

G.     Has engaged in conduct prior to signing this Plea Agreement which
       reasonably could be viewed as obstruction or an attempt to obstruct
       justice, and has failed to fully disclose such conduct to the United States
       prior to signing this Plea Agreement;

H.     Fails to appear in court as required;

I.     After signing this Plea Agreement, engages in additional criminal conduct;
       or

J.     Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States does not recommend that he receive credit for

acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the

offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States

in the investigation or prosecution of his own misconduct by timely notifying the United States

of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing

for trial and permitting the United States and the Court to allocate their resources efficiently, the

United States will move, at or before sentencing, to decrease the defendant's base offense level

by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

    8.  Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A.     To plead not guilty or to maintain that plea if it has already been made;

B.     To be tried by a jury and, at that trial, to the assistance of counsel;

C.     To confront and cross-examine witnesses;

D.     Not to be compelled to provide testimony that may incriminate him; and

E.     To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.     Forfeiture of Assets

The defendant agrees to immediately and voluntarily forfeit to the United States any interest, ownership or claim he has in the firearm listed in the Indictment and subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of his guilty plea.

The defendant agrees to forfeit to the United States immediately and voluntarily

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the conduct charged in Count One, in violation of 21 U.S.C. § 841, including, but not limited to:

(1) One Glock 9 mm hand gun (Serial No. NVC378) seized from 263 Manchester Street, Third Floor, Manchester, New Hampshire, on July 13, 2011.

The defendant agrees and consents to the forfeiture of this asset pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit this property.

None of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

-8-

The defendant waives and releases any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not.  The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

10.  Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.    Is entering into this Plea Agreement and is pleading guilty freely and
      voluntarily because he is guilty;

B.    Is entering into this Plea Agreement without reliance upon any promise of
      benefit of any kind except as set forth in this Plea Agreement;

C.    Is entering into this Plea Agreement without threats, force, intimidation, or
      coercion;

D.    Understands the nature of the offense to which he is pleading guilty,
      including the penalties provided by law; and

E.    Is completely satisfied with the representation and advice received from
      his undersigned attorney.

11.  Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority.  The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the his guilty plea.  The defendant understands

-9-

such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

12. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

13. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment [or information] in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

14. Waivers.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

-10-

2.      The sentence imposed by the Court if that sentence is the stipulated sentence or within the stipulated sentencing range specified in section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in the negotiation of this Plea Agreement or at the sentencing hearing.

B.  Collateral Review

The defendants understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.      His guilty plea, except as provided below, and any other aspect of his -conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.      The sentence imposed by the Court if that sentence is the stipulated sentence or within the stipulated sentencing range specified in section 6 of this agreement.

The defendant's waive of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing.  The defendant's waiver of his right collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

-11-

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a
representative, to request or receive from any department or agency of the United States any
records pertaining to the investigation or prosecution of the case(s) underlying this Plea
Agreement, including without limitation any records that may be sought under the Freedom of
Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Noting in this Plea Agreement shall operate to waive the rights or obligations of the
Government pursuant to pursue an appeal s authorized by law.

15. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been
entered into other than those set forth in this Plea Agreement or revealed to the Court, and none
will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this
Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by
the United States Attorney for the District of New Hampshire, or an Assistant United States
Attorney.

-12-

17. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.

JOHN P. KACAVAS
United States Attorney

Date: _10/31/12_                    By: _Will E. Morse_

William E. Morse
Assistant U.S. Attorney
Bar No.: 421934 (D.C.)
53 Pleasant St., 4th Floor
Concord, NH 03301

The defendant, Lionel Cole, certifies that he has read this 13-page Plea Agreement and
that he fully understands and accepts its terms.

Date: _10/31/12_                    _Lionel Cole_

Lionel Cole, Defendant

I have read and explained this 13-page Plea Agreement to the defendant, and he has
advised me that he understands and accepts its terms.

Date: _10/31/12_                    _Paul Garrity_

Paul Garrity, Esquire
Attorney for Lionel Cole

-13-